UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDING CREEK SOLAR LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>  Defendant. | Case No. 20-cv-02602-HSG<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S RULING ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

Pending before this Court is Appellants'[1] appeal of the Bankruptcy Court's dismissal of their second cause of action for equitable relief against Appellees PG&E Corporation and Pacific Gas and Electric Company (collectively, "Debtors"). *See* Dkt. No. 1-1; Dkt. No. 7 ("Appellants Brief"); Dkt. No. 12 ("Reply Brief"). Specifically, Appellants appeal from the Bankruptcy Court's *Order Resolving the Utility's Motion to Dismiss* entered on March 30, 2020, Dkt. No. 1-1 ECF 4-6 ("Order"), and the related docket order entered on March 22, 2020, Dkt. No. 1-1 ECF 7 ("Text Order"). Debtors oppose the appeal. Dkt. No. 9 ("PG&E Brief"). For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's dismissal of Appellants' second cause of action for equitable relief.

**I. BACKGROUND**

  **A. PG&E's Bankruptcy and Chapter 11 Plan**

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court"). Significantly, the Debtors needed to

---

[1] Appellants are Winding Creek Solar LLC, Foothill Solar LLC, Hollister Solar LLC, Kettleman Solar LLC, Vintner Solar LLC, Bear Creek Solar LLC, and Allco Renewable Energy Limited.

propose a plan of reorganization that satisfied the requirements of A.B. 1054, including its June 30, 2020 deadline for plan confirmation. In light of the "increased risk of catastrophic wildfires," A.B. 1054 created the "Go-Forward Wildfire Fund" as a multi-billion dollar safety net to compensate future victims of public utility fires and thereby "reduce the costs to ratepayers in addressing utility-caused catastrophic wildfires," support "the credit worthiness of electrical corporations," like the Debtors, and provide "a mechanism to attract capital for investment in safe, clean, and reliable power for California at a reasonable cost to ratepayers." A.B. 1054 § 1(a). For the Debtors to qualify for the Go-Forward Wildfire Fund, however, A.B. 1054 required, among other things, the Debtors to obtain an order from the Bankruptcy Court confirming a plan of reorganization by June 30, 2020. *See* A.B. 1054 § 16, ch. 3, 3292(b). After more than sixteen months of negotiations among a variety of stakeholders, and following confirmation hearings that spanned several weeks, the Debtors' Plan of Reorganization dated June 19, 2020 ("Plan")[2] was confirmed by the Bankruptcy Court on June 20, 2020 and became effective on July 1, 2020 ("Effective Date").

### B. Bankruptcy Court Proceedings

On October 20, 2019, Appellants filed an adversarial complaint in the Bankruptcy Court asserting two causes of action against Debtors: a claim for damages and a claim for injunctive relief. Appellants Br. at 19. Appellants and Debtors eventually stipulated before the Bankruptcy Court that the determination of the merits of Appellants' damages claim as asserted in their first cause of action would be made exclusively in the context of the Chapter 11 claims administration process. Dkt. No. 1-1 at ECF 5. Accordingly, Appellants' appeal is limited to the Bankruptcy Court's dismissal of their claim for injunctive relief. Appellants Br. at 4.

In their claim for injunctive relief, Appellants sought an order from the Bankruptcy Court requiring Debtors to enter into contracts for the purchase of energy and capacity from Appellants' facilities. *Id.* at 19-20. After considering Debtors' motion to dismiss and Appellants' opposition, the Bankruptcy Court issued a tentative ruling granting the motion to dismiss without leave to

---

[2] Capitalized terms not otherwise defined in this order have the meanings ascribed to them in the Plan.

2

amend:

> Even assuming that the second cause of action is procedurally permissible, and Without dealing with or deciding whether plaintiffs may maintain a private cause of action or whether the Primary Jurisdiction Doctrine controls, there is no getting around that this court is neither a proxy for FERC and/or the CPUC or that it can take the place of a state court. The argument set forth by Plaintiffs at 8:14 - 10:13 properly explains why the state courts have a role to play; their unsupported statement at 1:15-21 that the automatic stay prevents them filing suit in state court and this court is proper is more than unpersuasive. It is incorrect.

The parties then stipulated to accept the tentative ruling without Appellants waiving their appeal rights as to the second cause of action for injunctive relief, and the Bankruptcy Court entered a final order with respect to the second cause of action. Dkt. No. 1-1 at ECF 5-6. This appeal followed.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. A district court reviews a bankruptcy court's decision by applying the same standard of review used by circuit courts when reviewing district court decisions. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001).

A bankruptcy court's decision to decline to exercise jurisdiction over an adversary proceeding is reviewed for abuse of discretion. *See In re Zegzula*, No. AP 14-04005-BDL, 2015 WL 5786572, at *2 (B.A.P. 9th Cir. Oct. 2, 2015) (citing *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992). In applying the abuse of discretion test, the Court must first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir. 2009). If the bankruptcy court identified the correct legal rule, the Court then determines whether its "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Taylor*, 599 F.3d 880, 887–88 (9th Cir. 2010) (alteration in original). "If the bankruptcy court did not identify the correct legal rule, or its

3

application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." *Id.*

**III. DISCUSSION**

This appeal presents the question whether the Bankruptcy Court abused its discretion in declining to exercise jurisdiction over Appellants' claim for injunctive relief.

Appellants have a long history of litigating the underlying substantive issues that they now argue should be adjudicated by the Bankruptcy Court as an equitable claim. In *Winding Creek Solar LLC v. Peevey*, Appellant Winding Creek Solar LLC successfully challenged a series of orders by the California Public Utilities Commission ("CPUC") related to a procurement program regulated under the federal Public Utility Regulatory Policies Act ("PURPA"). *Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 3d 980, 981 (N.D. Cal. 2017), *aff'd sub nom. Winding Creek Solar LLC v. Peterman*, 932 F.3d 861 (9th Cir. 2019). While Winding Creek prevailed on summary judgment, the district court rejected Winding Creek's request that the court order PG&E to enter into a contract with it. *Id*. at 993-994. The district court found that "the request for a specific contract at a specific price is an as-applied challenge that does not belong in this forum." *Id.*

The Ninth Circuit affirmed and held that "the district court did not abuse its broad discretion to fashion equitable relief by declining to grant Winding Creek a contract with PG&E at the initial $89.23/MWh price." *Winding Creek Solar LLC v. Peterman*, 932 F.3d 861, 866 (9th Cir. 2019). The Ninth Circuit went on to explain that "it would be inappropriate to order a non-party to contract with Winding Creek under a modified version of the very program the court had just determined to be preempted by federal regulation." *Id*. In concluding that "[i]t is not the court's job to fashion a new contract to Winding Creek's liking," the Ninth Circuit cited to the First Circuit's decision in a similar PURPA case, characterizing the First Circuit's decision as "noting that federal courts are neither statutorily authorized nor competent to set avoided-cost rates." *Id*. In *Allco Renewable Energy Ltd. v. Massachusetts Elec. Co.*, Appellant Allco Renewable Energy Ltd. argued that the district court erred in declining to set specific contract

4

rates. 875 F.3d 64, 74 (1st Cir. 2017). The First Circuit affirmed and held that the district court was correct in "declining to engage in fact-finding to determine the proper avoided cost rate," and in observing that "[n]othing in the statutory scheme provides this Court with rate-making authority, and it lacks the expertise to do so." *Id.* (quotation marks omitted).

Notwithstanding this precedent, Appellants continue to argue that they are entitled to court-mandated contracts with Debtors at certain specific rates, i.e. the same equitable relief that was requested and denied in their prior litigation. *Compare* Appellants Br. at 19 ("In the case of the Winding Creek Facility, for example, this would require the Bankruptcy Court to order PG&E to enter into a 20-year contract at an avoided cost rate of $89.23 per MWh….") with *Winding Creek Solar*, 932 F.3d at 866 ("[T]he district court did not abuse its broad discretion to fashion equitable relief by declining to grant Winding Creek a contract with PG&E at the initial $89.23/MWh price."). Appellants further argue that the Bankruptcy Court is now the appropriate venue to seek their desired injunctive relief. Appellants Br. At 20.

Appellants present several arguments for why the Bankruptcy Court erred in dismissing its claim for injunctive relief. First, they argue that the Bankruptcy Court erroneously concluded that "it lacked jurisdiction" to decide Appellants' claims. *Id.* at 6. But the Bankruptcy Court did not find that it lacked jurisdiction. Rather, the Bankruptcy Court found that it was "neither a proxy for FERC and/or the CPUC [n]or . . . can take the place of a state court." Text Order. The Bankruptcy Court agreed with Appellants' position that California state courts have a role to play in adjudicating Appellants' claim but explicitly rejected Appellants' "unsupported statement" that the bankruptcy stay "prevents them filing suit in state court." *Id.* On that basis, the Bankruptcy Court found that it was not the proper venue for Appellants' claim. *Id.* ("The argument set forth by Plaintiffs . . . properly explains why the state courts have a role to play; their unsupported statement . . . that the automatic stay prevents them filing suit in state court and this court is proper is more than unpersuasive. It is incorrect.").

Similarly, Appellants argue that the Bankruptcy Court erroneously concluded that "FERC or the CPUC have primary jurisdiction." Appellants Br. at 6. But again, Appellants mischaracterize what the Bankruptcy Court decided. The Bankruptcy Court expressly stated that

5

it did not reach the question of primary jurisdiction. Text Order ("Without dealing with or deciding whether plaintiffs may maintain a private cause of action or whether the Primary Jurisdiction Doctrine controls . . . .").

Insofar as Appellants engage with the Bankruptcy Court's actual ruling, they seem to be arguing that (1) Appellants' claims constitute core proceedings, Appellants Br. at 24-25; (2) even if the claim for injunctive relief is a non-core proceeding, the Bankruptcy Court may exercise jurisdiction, *id.* at 25-27; and (3) not only is the Bankruptcy Court permitted to exercise jurisdiction, but it is the appropriate venue and declining jurisdiction constituted an abuse of discretion, Reply at 19-21.

In contending that their injunctive relief claim is a core proceeding under the Bankruptcy Code, Appellants cite to 28 U.S.C. § 157(b), but they offer no argument or authority explaining how their claim for injunctive relief falls into § 157(b)'s categories. Appellants Br. at 24-25. The single case cited by Appellants sets out the Ninth Circuit's explanation that "[i]n general, a 'core proceeding' in bankruptcy is one that 'invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (citation omitted). "'Non-core proceedings' are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." *Id.* Appellants do not attempt to explain how their claim for injunctive relief invokes a substantive right provided by title 11 or is a claim that could arise only in the context of a bankruptcy case. Such an argument would fail in any event, as the substance of Appellants' claim and their prior litigation history make clear. Accordingly, the Court finds that Appellants' claim for injunctive relief does not constitute a core proceeding under 28 U.S.C. § 157(b).

Appellants next argue that the Bankruptcy Court may hear and determine non-core proceedings that are otherwise related to Debtors' bankruptcy case. Appellants Br. at 25. They also cite to 28 U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); Appellants Br. at 25.

The Court agrees with Appellants that the Bankruptcy Court has the statutory authority to

"hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). But the Court disagrees with Appellants that the Bankruptcy Court abused its discretion in declining to exercise jurisdiction. 28 U.S.C. § 1334(c)(1) allows for the Bankruptcy Court to "abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" when it is "in the interest of justice, or in the interest of comity with State courts or respect for State law."

Appellants acknowledge that "California's state courts may hear and determine Appellants' request for equitable relief." Appellants Br. at 26. But they assert that because there is no previously commenced state action, abstention under § 1334(c)(1) is inapplicable. *Id.* at 24. Again, they cite no authority for this proposition. Rather, they assert without support that the Bankruptcy Court is better positioned than California state courts to adjudicate their request for injunctive relief because the Bankruptcy Court is also considering Appellants' bankruptcy proofs of claim. *Id.* at 26.

Under Ninth Circuit precedent, a previously commenced state court proceeding is only one of the factors that courts consider in deciding on § 1334(c)(1) abstention. Those factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Eastport Assocs.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991).

While the Bankruptcy Court did not go into extensive detail in its Text Order, it did make clear its conclusion that California state court is a more appropriate venue for Appellants' claim for injunctive relief. Text Order ("The argument set forth by Plaintiffs at 8:14 - 10:13 properly explains why the state courts have a role to play; their unsupported statement at 1:15-21 that the

7

automatic stay prevents them filing suit in state court and this court is proper is more than unpersuasive. It is incorrect.").

In this same dispute, the district court has already found that Appellants' request for injunctive relief "does not belong in this forum." *Winding Creek Solar*, 293 F.Supp.3d at 994; *see also Solutions for Utilities, Inc. v. Cal. Pub. Util. Comm'n*, No. CV 11–04975 SJO (JCGx), 2016 WL 7613906, at *15 (C.D. Cal. Dec. 28, 2016) ("[A]n as-applied claim challenges the application of a state agency's rules to an individual petitioner and is reserved to the state courts."). The Ninth Circuit has affirmed that decision. *Winding Creek Solar*, 932 F.3d at 866 ("It is not the court's job to fashion a new contract to Winding Creek's liking.").

Even if the Bankruptcy Court could have chosen to step into the place of a California state court, Appellants cite no authority, and the Court has found none, that obliged it to do so.[3] On the contrary, both the district court and the Ninth Circuit have found that Appellants' claim for injunctive relief is properly resolved outside of the federal courts. The Court finds no basis to conclude that the initiation of bankruptcy proceedings gave the Bankruptcy Court a special competency to decide Appellants' injunctive relief claim that the district court previously lacked. Further, the substance of Appellants' injunctive relief claim relates to state and federal energy regulation and has nothing to do with bankruptcy law. Given § 1334(c)(1)'s authorization to abstain from a proceeding "in the interest of comity with State courts or respect for State law," the Court finds that it was not an abuse of discretion for the Bankruptcy Court to decline jurisdiction over Appellants' claim for injunctive relief.

---

[3] Implicit in Appellants' position seems to be the premise that the automatic stay under 11 U.S.C. § 362 makes the Bankruptcy Court a more appropriate venue than California state court. *See* Appellants Br. at 24. But 11 U.S.C. § 362(d) "gives the bankruptcy court wide latitude in crafting relief from the automatic stay." *In re Nat'l Env't Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997). The Ninth Circuit has recognized that allowing a state action to proceed in a state tribunal can be proper cause to grant relief from the automatic stay. *See Piombo Corp. v. Castlerock Props. (In re Castlerock Props.),* 781 F.2d 159, 163 (9th Cir.1986). This case would seem to be an ideal candidate for lifting the automatic stay, given the Ninth Circuit's determination that federal courts are not the appropriate place to seek Appellants' desired relief and the Bankruptcy Court's finding that state courts "have a role to play." There is no indication in the record before this Court why Appellants decided to pursue their injunctive relief claim as an adversary proceeding in Bankruptcy Court rather than seek a lift of the automatic stay to pursue their claim in state court.

## IV. CONCLUSION

The Bankruptcy Court's order dismissing Appellant's second cause of action for injunctive relief is **AFFIRMED**. The Clerk is directed to terminate this appeal and close the case.

**IT IS SO ORDERED.**

Dated: July 15, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge